[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ, and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this Court on July 24, 1990 and thence to later dates when the defendant appeared and the action was claimed for the family relations list and when the plaintiff appeared to prosecute the claim for a dissolution of the marriage.
The Court, having heard the evidence finds the following:
1. The wife, by the name of Barbara Ann Veckerelli whose maiden name was Barbara Ann Martin, was lawfully married to the husband on May 23, 1981 at Derby, Connecticut.
2. One party has resided continuously in this State twelve months next before the date of the filing of the complaint or next preceding the date of this decree, and all statutory stays have expired.
3. The marriage has broken down irretrievably and there is no reasonable prospect of reconciliation.
4. Only the following minor child or children have been born to the wife since the date of the marriage, all of whom are the lawful issue of the parties hereto:
Jeannine Marie Barriga, born September 10, 1978 and Melanie Elizabeth Barriga, born February 17, 1982.
Whereupon it is adjudged that the marriage of the parties to this action be and it is hereby dissolved and they are each hereby declared to be single and unmarried, and that the care, custody and education of the minor child Melanie Elizabeth Barriga is hereby CT Page 4996 committed to the plaintiff and the care, custody and education of the minor child Jeannine Marie Barriga is hereby committed to the defendant subject to the right of liberal and reasonable visitation both parties.
And that the defendant pay to the plaintiff as alimony the sum of $25 weekly until the remarriage, cohabitation or death of the plaintiff.
Support is awarded to the plaintiff mother for the child known as Melanie Elizabeth Barriga in the amount of $125 weekly. The defendant father shall receive no support for the child known as Jeannine Marie Barriga as the court has provided for this by adjusting the guidelines.
The defendant father shall provide medical insurance for both minor children. Any unreimbursed medical expenses shall be divided on an equal basis.
Each party shall be responsible for the liabilities on their respective financial affidavits.
Each party shall retain their own pension plans. The personal property shall remain the property of the plaintiff. Each vehicle shall remain the property of each party.
The defendant shall pay the sum of $750 toward the attorney's fees of the plaintiff.
The commercial property located in Shelton, Connecticut shall remain the property of the defendant. The real estate located in Ansonia shall be owned jointly by the parties. The defendant is to convey one-half interest in the property to the plaintiff wife. The plaintiff wife is to reside in the family home until the youngest child reaches 18 years of age and the property is to be sold at that time and the proceeds to be divided equally. The plaintiff wife shall make the mortgage payment. Any default on the mortgage payment the property may be placed on the market for immediate sale. The equity loan on said property shall be the responsibility of the defendant husband.
PHILIP E. MANCINI, JR. STATE TRIAL REFEREE.